■  BIRGITTA GINGOLD, Respondent, v JULIAN GINGOLD, Appellant.—Order, Supreme Court, New York County, entered July 30, 1975, is modified in the exercise of discretion so as to vacate the money judgment against defendant for $17,500 arrears of alimony and the matter referred to the Special Referee to hear and report simultaneously with the other matters pending before him, on condition that defendant shall within 20 days after

publication of this decision furnish a surety company bond in the sum of $10,000 to secure the interim payments of alimony and child support directed herein. If defendant does not comply with this condition the order shall be affirmed. If defendant does comply with this condition, then, pending the final determination of the wife's application for judgment for arrears of alimony and the husband's application to modify the provisions for alimony and child support, (a) the husband shall pay to the wife currently while she and the child are within the State of New York, or outside the State of New York but within 150 miles of the City of New York, the sums directed to be paid in paragraph 7 of the divorce decree, and (b) while the wife and the child are not within the State of New York, nor outside the State of New York but within 150 miles of the City of New York, the husband shall pay to the wife currently sums equal to one half of the alimony and child support specified in paragraph 7 of the divorce decree; all said current payment to begin as of the date of publication of this decision. The husband shall further, on request by the wife, arrange to pay for the transportation of the wife and child from Sweden to New York. No costs are awarded to either party as against the other. It is not clear whether the wife's taking the child out of the State of New York, first to California then to Sweden, is or is not a violation of the provisions of the divorce decree, the visitation and support terms of which are obviously by agreement. While subdivision (e) of paragraph 10 of the divorce decree does contemplate the possibility of the wife and child moving out of the jurisdiction of the State of New York for some continuous period of time and provides that the defendant (husband) shall have cumulative rights of visitation in that event, it would appear this provision must somehow be read in the light of the immediately preceding provision, subdivision (d), granting to the wife the right to take the child with her to visit her family in Sweden twice each year, and the provision of subdivision (g) that if the wife moves out of the jurisdiction of the State of New York, it shall not be deemed that the defendant (husband) has consented thereto. The question of whether the wife's action in moving to California and to Sweden have violated the husband's rights of visitation require exploration before the Referee. But in the meantime the wife and child must be supported. Concur—Kupferman, J. P., Lupiano, Burns and Silverman, JJ.; Murphy, J., dissents and would affirm on the opinion of Starke, J., at Special Term. Settle order on notice.